IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

JOSEPH JAMAL LEWIS,

     Plaintiff,

v.                                  CASE NO. 1:16-cv-175-MP-GRJ

SADIE DARNELL, et al.,

     Defendants.

_____/

## ORDER AND
## REPORT AND RECOMMENDAITON

     Plaintiff, an inmate presently confined at Powhatan Correctional Center in State Farm, Virginia, initiated this case by filing a *pro se* complaint pursuant to 42 U.S.C. § 1983 (ECF No. 1) and seeks leave to proceed as a pauper (ECF No. 2).  The motion for leave to proceed as a pauper is deficient because Plaintiff failed to include a certified copy of his six-month account statement for the six-month period preceding the filing of the complaint.  Because it is clear that the Complaint is due to be summarily dismissed, Plaintiff will not be required to correct these deficiencies.[1]

---

[1] Pursuant to the Prison Litigation Reform Act, a prisoner seeking to bring a civil action or appeal *in forma pauperis* shall pay the full amount of the filing fee.  28 U.S.C. § 1915(a)(b)(1).  As explained *infra*, Plaintiff's claims sound in habeas corpus, and in the interest of judicial economy, the Court will not assess the fee at this time in view of the fact that there is no basis for exercising jurisdiction over Plaintiff's claims.

The original Complaint, ECF No. 1, filed on May 16, 2016, stems from Plaintiff's arrest and confinement at the Alachua County Jail in connection with violations of parole from a Virginia conviction.  At the time, Plaintiff was on bond in connection with a pending Alachua County criminal case, *State v. Lewis*, Case No. 2015-CF-3544, in which Plaintiff was charged with domestic battery by strangulation, kidnaping/false imprisonment, and obstructing justice.  Plaintiff alleges that the Virginia Parole Board did not timely act on the parole violation following Plaintiff's preliminary hearing on the violation at the Alachua County Jail.  Plaintiff alleges that he should have been released from confinement, but he was not released because Virginia authorities wanted him to remain in jail until his pending Florida case had concluded.  The Complaint seeks discharge from confinement.  ECF No. 1 at 8.  A review of the docket in Plaintiff's underlying Alachua County criminal case reflects that the case was *nolle prossed* in July 2016 because the victim was unwilling or unable to cooperate.  *State v. Lewis*, Case No. 2015-CF-3544 (July 8, 2016).  In August, 2016, the Virginia detainer was executed and Plaintiff was extradited to Virginia.  ECF No. 4.

Plaintiff's claims are not properly asserted by way of a civil rights

complaint.  "[W]hen a prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release . . .  his sole federal remedy is a writ of habeas corpus."  *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).  It is clear that Plaintiff's claims implicate the fact or duration of his present confinement, and therefore such claims go to the very heart of habeas corpus and are not properly raised in a civil rights complaint. Because Plaintiff is challenging violation of parole proceedings in Virginia, a petition seeking habeas corpus relief would be filed in the appropriate federal district in Virginia, after Plaintiff exhausts his available state remedies.  28 U.S.C. § 2254(b).  Any claim for release from the Alachua County Jail is moot due to Plaintiff's extradition.

Further, federal courts will not interfere with pending state criminal proceedings absent very narrow circumstances, pursuant to the *Younger v. Harris* abstention doctrine.  401 U.S. 37 (1971).  "Under *Younger v. Harris* and its progeny, federal district courts must refrain from enjoining pending state court proceedings except under special circumstances."  *Old Republic Union Ins. Co. v. Tillis Trucking Co., Inc.*, 124 F.3d 1258, 1261 (11th Cir. 1997).  "The policy of equitable restraint expressed in [*Younger*] .

. . is founded on the premise that ordinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights." *Hughes v. Att'y Gen. of Florida*, 377 F.3d 1258, 1264 n. 7 (11th Cir. 2004).  The exceptions to *Younger* are very narrow and apply only if: there is evidence of state proceedings motivated by bad faith, irreparable injury would occur, or there is no adequate alternative state forum where the petitioner's constitutional issues can be raised.  *Id.* at 1263 n.6.  The allegations of the Complaint do not suggest that this case would fall within any exception to *Younger*, and this Court in any event lacks any jurisdiction to entertain claims pertaining to Plaintiff's Virginia detainer and extradition.

Accordingly, it is **ORDERED** that Plaintiff's motion for leave to proceed as a pauper, ECF No. 2, is **GRANTED**.

It is respectfully **RECOMMENDED** that this case be **DISMISSED**.

**IN CHAMBERS** in Gainesville, Florida, on the 5th day of October 2016.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## <u>NOTICE TO THE PARTIES</u>

        **Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.